### WERNER v. UNITED STATES.

No. 12612.

United States Court of Appeals
Ninth Circuit.

April 4, 1951.

Erwin P. Werner, Los Angeles, Cal., in pro. per., for appellant.

A. Devitt Vanech, Asst. Atty. Gen., Ernest A. Tolin, U. S. Atty., Irl D. Brett,

Sp. Asst. to Atty. Gen., Los Angeles, Cal., Roger P. Marquis, Harold S. Harrison, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before DENMAN, Chief Judge, and BIGGS and ORR, Circuit Judges.

BIGGS, Circuit Judge.

The plaintiff and appellant, Werner, who appears here *in propria persona*, brought suit against the United States for reformation of a lease and to recover a sum of money as reasonable rent for use and occupancy of the land leased. The United States moved to dismiss and the court below granted the motion holding that the suit was barred by the time limitation imposed by Section 2401(a), Title 28 United States Code Annotated.[1] Werner appealed.

The lease,[2] executed February 1, 1943, was for the term of one year with a right of annual renewal and a right of cancellation in the United States. Its terms provided, however, that " * * * no renewal * * * will extend the period of occupancy of the premises beyond six months from the date of the termination of the unlimited emergency, as declared by the President of the United States on May 27, 1941 (Proclamation 2487)." By an amendatory contract, executed three months later, the requirement that the United States give notice of renewal was deleted but the provision that the renewal should not extend the lease beyond " * * * six * * * months from the date of the termination of unlimited emergency * * * *" was reiterated.

There has been no " * * * termination of the unlimited national emergency * * * *" declared by President Roosevelt on May 27, 1941 by Proclamation 2487.[3] By Proclamation 2714 there was a declaration of " * * * the cessation of hostilities of World War II * * * *" by President Truman, effective as of twelve o'clock noon on December 31, 1946.[4] Werner, however, in his complaint filed on November 8, 1949, employing the language of President Truman's proclamation of 1946, as-

1. D.C., 10 F.R.D. 245.

2. The lease was executed with the United States by Mark L. Herron and Barbara W. Herron who, it is alleged, were trustees for Werner, the trust being terminable upon Werner's "request". We pass by the questions as to whether the Herrons are necessary parties, whether Werner has the capacity to bring the instant suit and whether the United States may be sued for reformation of a contract under Section 1346, Title 28, U.S.C.A. for in the view we take determinations of these and like questions become unnecessary.

3. 6 F.R. 2617, 55 Stat. 1647, 50 U.S.C.A. Appendix, note prec. Sec. 1.

4. See 12 F.R. 1, 50 U.S.C.A. Appendix, § 601 note.
   This proclamation was accompanied by a statement by President Truman that it did not terminate the " * * * states of emergency declared by President Roosevelt September 8, 1939 [Proclamation No. 2352 not pertinent here] and May 27, 1941."
   There was an opinion of the Attorney General of the United States of September 1, 1945, 40 Ops. A.G. 421, holding that formal action is required to terminate the declaration of the emer-

gency. See Hamilton v. Kentucky Distilleries & Warehouse Co., Inc., 251 U. S. 146, 40 S.Ct. 106, 64 L.Ed. 194.
   From the Wiley Joint Resolution of July 25, 1947, 61 Stat. 449, terminating certain emergency and war powers, it is clear that Congress on the date last stated considered the declaration of national emergency to be still in effect. The Eightieth Congress, First Session, adhered to that view. See p. 26, House Report No. 109, accompanying H.R. 1366, entitled an act for "facilitating Procurement of Supplies and Services by the War and Navy Departments." H.R. 1366 became the "Armed Services Procurement Act of 1947", 62 Stat. 21, 41 U.S.C.A. § 151 et seq.
   On December 19, 1950, by Proclamation 2914, President Truman proclaimed the existence of a national emergency, 15 F.R. 9029, 12 United States Code Congressional Service, pp. 5033-4, 50 U.S.C.A. Appendix note preceding section 1. Whether or not the prior limited national emergency and prior unlimited national emergency could and did merge into the national emergency as declared by President Truman in the proclamation last referred to is a question which is not before us and concerning which we need express no opinion.

serts that the words of the lease, quoted in the second paragraph of this opinion, must be reformed to mean that the possession of the United States must terminate " '* * * six (6) months from the date of the cessation of actual hostilities * * *' with the * * * Axis nations * * *."

Section 2401(a), Title 28 United States Code Annotated, which the court below deemed to be governing, provides that "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. * * *"

■ Werner contends that a dispute as to the interpretation of the lease could not arise until the actual "cessation of hostilities" or possibly until President Truman's Proclamation 2714 of December 31, 1946; that it follows that the statute of limitation created by Section 2401(a) could not begin to run until one of the two dates last mentioned. But this position is untenable. If the words used in the lease did not express the true intent and meaning of the parties that fact was entirely apparent when the lease was executed on February 1, 1943, remained apparent when the modifying lease which reiterated the critical phrase was executed three months later and continued to be apparent throughout the years that followed. There was nothing to prevent Werner or the Herrons as his trustees from going into court to reform the lease immediately following its execution.

■ Werner contends that because the lease had been executed by his trustees he did not have knowledge of its terms. Whether or not he actually had knowledge makes little difference for Section 2267 of the California Civil Code, Deering 1937, constitutes a trustee a general agent for the trust property and when the trustee acts within the scope of the trust indenture he binds his cestui's property to the same extent as if he were an agent.[5] Werner makes no assertion that the Herrons did not have the authority to execute the lease.

■ Section 2401(a) appeared for the first time in the 1948 edition of the Judicial Code. Title 28 is more than a mere codification. It is also a revision. Ex parte Collett, 337 U.S. 55, 56–72, 69 S.Ct. 944, 959, 93 L.Ed. 1207. See also note 5 cited to the text in Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111. The statute was intended to apply to "Every civil action" brought in a United States district court; that is to say, to every action brought in a United States district court, save a criminal or an admiralty proceeding. Section 2401(a) not only served to consolidate the provisions of Section 41 (20), the Tucker Act and Section 942 of Title 28 U.S.C., 1940 Ed.,[6] it also created a general statute of limitations insofar as suits against the United States are concerned. The provisions of Section 2401(a) apply to a suit for reformation, originally an action in equity, precisely as they would to a suit for damages, an action at law. It follows that the court below did not err in dismissing the complaint.

The judgment appealed from is affirmed.

5. Section 2267, California Civil Code, Deering 1937 provides: "A trustee is a general agent for the trust property. His authority is such as is conferred upon him by the declaration of trust and by this chapter, and none other. His acts, within the scope of his authority, bind the trust property to the same extent as the acts of an agent bind his principal." See also Sections 2300 and 2332, California Civil Code, Deering 1937.

6. See Reviser's Notes, 28 U.S.C.A. § 2401 (a).