## WERNER v. UNITED STATES.
### No. 13302.

United States District Court
S. D. California, C. D.
March 2, 1954.

Morris Lavine, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Joseph F. McPherson, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

On the 1st day of February, 1943, Mark L. Herron and Barbara W. Herron, husband and wife, entered into a lease with the United States of America, covering forty acres of land near the March Field air base at Riverside County, California. The lease provided for payment of $25 per year rental, and further provided that occupancy of the premises could not be extended beyond "six months from the date of the termination of the unlimited National Emergency, as declared by the President of the United States on May 27, 1941 (Proclamation 2487)."

On May 17, 1948, Mr. and Mrs. Herron deeded the property covered by the lease to the plaintiff herein. Subsequent to said transfer, plaintiff filed an action in this United States District Court praying that the lease be reformed so as to provide for its termination "six months from the date of cessation of the actual hostilities of the Axis Nations then at war or the surrender of said Axis Nations." The government moved for dismissal of the action on several grounds, among them that the action was barred by the statute of limitations. The court found the action was so barred and dismissed it "for want of jurisdiction" over the United States. 10 F.R.D. 245, 247. On appeal the District Court was affirmed, Werner v. United States, 9 Cir., 188 F.2d 266, 267.

Subsequent to that decision Werner then brought this action, alleging a number of facts which, he claimed, brought the emergency to an end so far as it related to the lease in suit. The government did not choose to plead to the merits of the complaint as filed but pleaded the judgment in the earlier action as res judicata. This court examined the opinion as rendered by the Ninth Circuit in the Werner case, supra, and found therein a statement:

"There has been no ' * * * termination of the unlimited national emergency * * *' declared by President Roosevelt on May 27, 1941 by Proclamation 2487."

Upon the basis of that statement this court in the instant case further determined and decreed that the unlimited national emergency had not been terminated.

In Werner v. United States, 198 F.2d 882, 883, the Ninth Circuit, commenting upon its previous decisions said:

" * * * We hold that this court did no more than affirm the judgment appealed to it. In our opinion we did state that there had been no termination of the emergency but this statement was a mere recital of the undisputed fact that no official termination of the emergency had been pronounced."

The Circuit then reversed and remanded the case, stating:

" * * * Appellant is entitled to his day in court * * *."

The matter now comes on for hearing for the third time—to give plaintiff his "day in court" as directed by the Circuit. At the hearing plaintiff did not in any manner attempt to prove any basis for the allegations contained in his amended complaint to show the national emergency had been brought to an end but, instead, contended the national emergency was terminated by a Joint Resolution of Congress dated July 25, 1947, Public Law 239, 80th Cong., 1st Sess., Chapter 327, 61 Stat. 449.

Section 3 of the Joint Resolution recites:

"In the interpretation of the following statutory provisions, the date when this joint resolution becomes effective shall be deemed to be the date of the termination of any state of war heretofore declared by the Congress and of the national emergencies proclaimed by the President on September 8, 1939, and on May 27, 1941".

It is plaintiff's contention that the lease in question was acquired under § 171, Title 50 U.S.C.A. and that this Act was specifically mentioned in Section 3 of the Act of July 2, 1917, as amended.

Th government contends the national emergency was not terminated by the Joint Resolution of Congress, but, on the other hand, was terminated by an official proclamation, No. 2974, made by the President on April 28, 1952, in which is stated:

"Now, Therefore, I, Harry S. Truman, President of the United States of America, do proclaim that the national emergencies declared to exist by the proclamations of September 8, 1939, and May 27, 1941, terminated this day * * ." 66 Stat. C31 at C32.

If the national emergency with which we are concerned in this litigation was terminated by the Joint Resolution of Congress on July 25, 1947, plaintiff is entitled to a recovery in this action. On the other hand, if the national emergency did not terminate until President Truman's Proclamation on April 28, 1952, plaintiff is not entitled to judgment.

The problem thus presented is twofold:

1. Can a national emergency proclaimed by the President be terminated by Congress, and

2. If Congress may terminate a national emergency, did the Joint Resolution of July 25, 1947, terminate the national emergency as proclaimed by President Roosevelt?

There has been no contention that anyone other than the President may issue a Proclamation determining the existence of a national emergency. There is no suggestion that the other two branches of government, or either of them—judicial or legislative—may in any way usurp the duties of the President by declaring the existence of a national emergency. If the President is the only one who may declare a national emergency, is he alone empowered to terminate it?

The Supreme Court discusses the problems here involved in Ludecke v. Watkins, 335 U.S. 160, at page 170, 68 S.Ct. 1429, at page 1434, 92 L.Ed. 881, as follows:

> "The political branch of the Government has not brought the war with Germany to an end. On the contrary, it has proclaimed that 'a state of war still exists.' * * * The Court would be assuming the functions of the political agencies of the Government to yield to the suggestion that the unconditional surrender of Germany and the disintegration of the Nazi Reich have left Germany without a government capable of negotiating a treaty of peace. It is not for us to question a belief by the President * * *. These are matters of political judgment for which judges have neither technical competence nor official responsibility."

■ It seems to this court the determination that a national emergency existed is a matter of political judgment, and determination that the national emergency no longer exists is also a matter of political discernment, which judges have "neither technical competence nor official responsibility" to decide. If this is a matter which has been given exclusively to the executive branch of government and the judicial branch has no official responsibility therein, it would also seem to this court that the legislative branch has no right to determine matters of political judgment.

■ This point of view is substantiated by the President's action when (even though Congress by a Joint Resolution on July 25, 1947, determined the national emergency had ceased) he, nevertheless, on April 28, 1952, issued a proclamation definitely declaring the national emergency as proclaimed by the President on May 27, 1941, "terminated this day". And further substantiation for this point of view is found in the opinion of the United States Supreme Court in United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317, decided January 25, 1950, nearly three years after the date of the Joint Resolution. The Supreme Court said, 338 U.S. at page 546, 70 S.Ct. at page 314:

> "* * * The national emergency has never been terminated. Indeed, a state of war still exists."

Plaintiff at bar contends, however, that the foregoing opinion is not in point because the Supreme Court was discussing legislation relative to war brides, and the statement that "the national emergency has never been terminated" must be restricted to the War Brides Act. The Court says, 338 U.S. at page 546, 70 S.Ct. at page 314:

> "* * * The special procedure followed in this case was authorized not only during the period of actual hostilities but during the entire war and the national emergency proclaimed May 27, 1941."

It is after this quoted statement that the Court goes on to say: "The national emergency has never been terminated."

If we read into the Supreme Court's statement "in respect to the War Brides Act", we are interpolating. It may be true that the Circuit Court may determine the Supreme Court did nothing more than affirm the judgment of the lower court, but as we read the case, here is a statement that the national emergency had not been terminated; and in the light of other authorities this court is of the opinion that the national emergency as proclaimed by the President on May 27, 1941, was not legally

and officially terminated until April 28, 1952, when the President of the United States issued a proclamation in which he stated the national emergency had been "terminated this day."

As a consequence, this court is of the opinion that Congress by its Joint Resolution did not terminate the national emergency and, therefore, the plaintiff in this action is not entitled to recover.

Findings of Fact, Conclusions of Law and Judgment in conformity with this opinion will be prepared by defendant for presentation for signature on or before the 15th day of March, 1954.