**Martin J. SAMPSON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 75–1883.

United States Court of Appeals, Ninth Circuit.

April 2, 1976.

Rehearing and Rehearing En Banc Denied May 26, 1976.

**500**

Malcolm S. McLeod (argued), Seattle, Wash., for plaintiff-appellant.

Carl Strass, Asst. Atty. Gen. (argued), Dept. of Justice, Washington, D. C., for defendant-appellee.

OPINION

Before WALLACE and KENNEDY, Circuit Judges, and BOHANON,* District Judge.

PER CURIAM:

This suit was brought to compel an Indian land allotment. 25 U.S.C. § 345; 28 U.S.C. § 1353. The district court granted judgment for the defendant United States, and we affirm.

*Procedural Background*

Plaintiff Sampson is a Swinomish-Skagit Indian. Under the Treaty of Point Elliott, Jan. 22, 1855, 12 Stat. 927, and the General Allotment Act of 1887, *as amended,* 25 U.S.C. §§ 331–58, members of his tribe were eligible to apply for individual allotments of land within the Swinomish Indian Reservation, located on an island in Puget Sound, Washington.

In 1926, Sampson applied for allotment of a certain 80 acres of tidelands bordering Swinomish Slough, a passage of water dividing part of the reservation from the mainland. The local superintendent favorably endorsed this application, but it was subsequently denied by the Commissioner of Indian Affairs. The administrative record included two reasons for the denial: (1) that the tidelands in question had not been included in a survey of land appropriate for allotment; and (2) that, since Swinomish Slough was non-navigable, the tidelands belonged to the adjacent riparian owners.

Sampson made subsequent inquires about this land, and over much of this century he has used it for nonresidential purposes such as grazing horses. In 1934, the Indian Reorganization Act, *as amended,* 25 U.S.C. §§ 461–79, foreclosed further allotments on the Swinomish reservation.

This action was brought in 1971. Sampson claimed that the Commissioner had improperly denied his application for an allotment in 1926, and that he thus acquired a vested right to the land in question prior to passage of the Indian Reorganization Act in 1934. The government conceded that Swinomish Slough was in fact navigable in 1926. However, the district court agreed with the government's contention that Sampson's application had been properly rejected, since the land had not been included in a previous survey.

---

* The Honorable Luther L. Bohanon, Senior United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

### Availability of Judicial Review

Sampson claims eligibility for an allotment under a treaty and a statute which vest considerable discretion in the President or his delegate. Article VII of the treaty provides that the President

> may further at his discretion cause the whole or any portion of the lands hereby reserved . . . to be surveyed into lots, and assign the same to such individuals or families as are willing to avail themselves of the privilege . . . .

12 Stat. 927, 929. With regard to Indian reservations, the General Allotment Act authorized the President

> to cause the same or any part thereof to be surveyed or resurveyed whenever in his opinion such reservation or any part may be advantageously utilized for agricultural or grazing purposes by such Indians, and to cause allotment to each Indian located thereon to be made in such areas as in his opinion may be for their best interest . . . .

25 U.S.C. § 331.

██ The discretion accorded by these provisions is not unreviewable. Section 345 specifically authorizes an action by one who claims to have been unlawfully denied an allotment; the district court is empowered to enter a judgment with the same effect as if the allotment had been approved. Thus the Secretary's decision to deny Sampson's application is subject to judicial review in this lawsuit. *Arenas v. United States,* 322 U.S. 419, 429–34, 64 S.Ct. 1090, 1094–96, 88 L.Ed.2d 1363, 1370–73 (1944); *Pence v. Kleppe,* 529 F.2d 135, 139 (9th Cir. 1976).[1]

### The Superintendent's Approval

██ The district court found that the superintendent did not have the authority to effect an allotment to Sampson in 1926.

Therefore, his endorsement of the application did not create a vested right to the land. Indeed, the application itself indicated that a favorable decision by the Commissioner was necessary. Under the facts of this case, we are satisfied the district court was correct in rejecting the argument that further approval by the Commissioner was purely a ministerial act. *See Lemieux v. United States,* 15 F.2d 518, 521 (8th Cir. 1926), *cert. denied,* 273 U.S. 749, 47 S.Ct. 458, 71 L.Ed. 872 (1927).

### The Commissioner's Decision

██ Under both the treaty and statute involved here, a precondition to allotment was an executive decision that the land was suitable for this purpose, evidenced by its inclusion in a survey. The district court found that the land here in question was not included in surveys made in 1874 and 1919. Thus the court was correct in concluding the Commissioner properly rejected Sampson's 1926 application.[2] *See Hopkins v. United States,* 414 F.2d 464, 467–68 (9th Cir. 1969); *Wise v. United States,* 297 F.2d 822, 825 (10th Cir. 1961).

██ Sampson also argues that the underlying decision not to include this land in the surveys was unlawful. But that decision is entitled to a presumption of administrative regularity; there was no showing that it was unauthorized or arbitrary. *See Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415–16, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). At best Sampson could suggest that a reviewing court, with the benefit of 50 years' hindsight, would have included these tideflats in the survey. This suggestion falls far short of the showing required for a determination that the administrative action was unlawful. The district court

---

1. A defense of laches may be available when review is not sought on a timely basis, and third parties' rights are affected by the delay. *See Lemieux v. United States,* 15 F.2d 518, 522–23 (8th Cir. 1926), *cert. denied,* 273 U.S. 749, 47 S.Ct. 458, 71 L.Ed. 872 (1927). In the instant case, the district court denied as untimely the government's motion to include the defense of laches, and we do not consider the issue.

2. Because the decision can be sustained on one of the stated grounds, it is unnecessary to consider the correctness of the Commissioner's opinion that the tidelands belonged to adjacent upland owners.

502

properly declined to substitute its own judgment in this matter.

AFFIRMED.