610 F.2d 649
 Ramona LORING and Lester Loring, wife and husband, for and
on behalf of themselves and approximately 200 other members
of the Salt River Pima-Maricopa Indian Community similarly
situated, Plaintiffs-Appellants,
v.
UNITED STATES of America and the City of Scottsdale,
Arizona, Defendants-Appellees.
 No. 77-2985.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 17, 1979.
Rehearing Denied Jan. 17, 1980.
 
 Wayne C. Arnett, Patten, Montague & Arnett, Tempe, Ariz., for plaintiffs-appellants.
 Clifford Sherr, Asst. City Atty., Scottsdale, Ariz., argued for defendants-appellees; James W. Moorman, Asst. Atty. Gen., Washington, D. C., Richard Filler, City Atty., Scottsdale, Ariz., on brief.
 On Appeal from the United States District Court for the District of Arizona.
 Before MERRILL and KENNEDY, Circuit Judges, and WILLIAMS,* District Judge.
 MERRILL, Circuit Judge:
 
 
 1
 Plaintiffs are members of the Salt River Pima-Maricopa Indian Community. They have brought this action alleging in their complaint that they own land along the western boundary of the Salt River Indian Reservation, located in Maricopa County, Arizona; that the United States and the City of Scottsdale, Arizona, acting in concert, have taken from them, without compensation, a right-of-way over their lands for the building of a public roadway known as "Pima Road"; that while written consents to the taking were obtained they were fraudulently obtained and did not have the consent or approval of the Secretary of the Interior. Plaintiffs seek judgment for the "fair, just and reasonable value of the land taken," together with severance damage to the remaining lands, plus interest and attorney fees.
 
 
 2
 The district court on motion of defendants dismissed the action against both defendants for want of subject-matter jurisdiction.
 
 
 3
 The motion of the United States for dismissal was based in part on the contention that the action was barred by the statute of limitations. It appears that consents to the taking were signed April 20, 1967; that the road was completed October 30, 1968 and was dedicated to public use November 22, 1968; that this action was brought July 28, 1976. Title 28 U.S.C. § 2401(a) provides in part:
 
 
 4
 "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."
 
 
 5
 The statute is jurisdictional. Kraemer Mills, Inc. v. United States, 319 F.2d 535, 162 Ct.Cl. 367 (1963). Dismissal of the claim against the United States was proper.
 
 
 6
 The motion of Scottsdale was based on the assertion that plaintiffs "had wholly failed to indicate why this action can belong in federal rather than state court."
 
 
 7
 It is true that the complaint did not refer to any statutory basis for federal jurisdiction. However, the allegations of fact read in a light favorable to plaintiffs do give rise to federal jurisdiction under 25 U.S.C. § 345[1] and 28 U.S.C. § 1353.[2]
 
 
 8
 Appellees contend that the jurisdiction thus conferred relates only to the issuance of an allotment in the first instance. We have held otherwise. In Scholder v. United States, 428 F.2d 1123 (9th Cir. 1970), the United States sought to impose the costs of construction of an irrigation ditch as charges against lands that had been allotted to individual Indians and the Indians sought injunctive relief. We stated:
 
 
 9
 "The district court held that it had no jurisdiction to hear these claims as asserted by appellant Scholder and the individual Indian allotment holders whom he represents. We think otherwise. As we said earlier in discussing 25 U.S.C. § 345, that section is not limited to actions seeking to compel the issuance of an allotment in the first instance. It serves also to protect 'the interests and rights of the Indian in his allotment or patent after he has acquired it.' * * * The deferred charges amount to a lien on the Indian's allotment, reducing its sale value. (See 25 C.F.R. § 211.2). The imposition of construction charges affects an Indian's 'interests and rights' to his allotment, and he can challenge the validity of charges under section 345."
 
 
 10
 428 F.2d at 1129.
 
 
 11
 Plaintiffs' claims here arise under 25 U.S.C. §§ 323-325, which serve to protect Indian lands against improvident grants of rights-of-way. Section 325 provides in part:
 
 
 12
 "No grant of a right-of-way shall be made without the payment of such compensation as the Secretary of the Interior shall determine to be just."
 
 
 13
 25 C.F.R. § 161.12, promulgated under these sections, provides:
 
 
 14
 "Except when waived in writing by the landowners or their representatives as defined in § 161.3 and approved by the Secretary, the consideration for any right-of-way granted or renewed under this Part 161 shall not be less than the appraised fair market value of the rights granted, plus severance damages, if any, to the remaining estate."These provisions, protecting the Indian allotment against improvident grants of rights-of-way, give rise to rights appurtenant to the allotted lands. Federal jurisdiction under 25 U.S.C. § 345 and 28 U.S.C. § 1353 exists to entertain an action brought to preserve these rights.
 
 
 15
 The judgment in favor of the United States is affirmed. The judgment in favor of Scottsdale is reversed and the matter remanded for further proceedings.
 
 
 
 *
 Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 That section reads in part:
 "All persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of Congress, or who claim to be so entitled to land under any allotment or Act or under any grant made by Congress, or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any Act of Congress, may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto in the proper district court of the United States."
 
 
 [2]
 That section reads in part:
 "The district courts shall have original jurisdiction of any civil action involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any Act of Congress or treaty."