Elaine CHRISTENSEN, Orville Brown, Doran Pete and Gladys Walker, Plaintiffs,

v.

UNITED STATES of America and William Ruckelshaus, United States Secretary of Interior, Defendants.

No. CV–R–83–93–ECR.

United States District Court, D. Nevada.

April 23, 1984.

See also, 575 F.Supp. 735.

Richard E. Olson, Jr., Nevada Indian-Rural Legal Services, Carson City, Nev., for plaintiffs.

Lamond R. Mills, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendant Ruckelshaus is hereby substituted, pursuant to Fed.R.Civ.P. 25(d), for James Watt, his predecessor in the office of Secretary of Interior.

The defendants have moved for summary judgment on the grounds that the action is barred by the applicable statute of limitations and that the complaint fails to state a claim upon which relief can be granted against them.

In 1933, the United States granted a trust allotment to Katie Martinez, a Wash-

oe Indian. The granting document made no mention of rights-of-way or other access to the allotment. The most feasible access from the nearest public road requires the crossing of land that has been privately owned since 1867. The owners permitted Katie Martinez and her husband to cross their land until their deaths, which occurred in 1948 and 1951, respectively. Then the path they had been using was fenced off.

The plaintiffs herein, who are heirs of Katie Martinez, have made ongoing requests to the Bureau of Indian Affairs to provide access to the allotment. Since 1972 those requests have been made by attorneys for the plaintiffs. No access has been provided.

The complaint alleges that the United States has breached the duty imposed on it by 25 U.S.C. § 348 to hold the allotment in trust for the sole use and benefit of the Indian allottee. That duty encompasses the obligation to furnish unrestricted access, according to the plaintiffs. The prayer for relief asks for a declaratory judgment that the United States is obligated to provide unrestricted access, and for a writ in the nature of mandamus requiring the Secretary of Interior to take immediate action to implement the same.

The defendants argue that § 348 does not impose a trust obligation to provide access to the allotment, therefore a claim for relief has not been stated. Also, they point out that 28 U.S.C. § 2401(a) states that "... every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." The complaint herein was not filed until 1983. The right of access was revoked in 1951.

The plaintiffs emphasize that Congress' intent in enacting the General Allotment Act was to make the Indian allottees secure in their possession so that they would actually use and benefit from the allotments. This cannot be accomplished without access. Therefore, it is urged, equitable relief should be granted even if damages are precluded. As to the statute of limitations defense, the plaintiffs insist that 28 U.S.C. § 2401(a) is not applicable to an action brought under 25 U.S.C. § 345. The latter statute authorizes any Indian who has been excluded from his allotment to bring an action in a proper United States District Court. The legislative history of § 2401(a) is cited for the proposition that Indian claims are meant to be treated differently than other civil claims against the United States. Prior to 1948 legislation they were treated uniquely; the plaintiffs contend that the legislation does not reflect an intent to change this preferential treatment of the Government's Indian wards. No general statute of limitations is meant to bar an Indian's suit against the United States for breach of trust, they assert.

Contrary to the plaintiffs' position, it has been held that 28 U.S.C. § 2401(a) is more than a mere codification of prior law—it is also a revision. *Werner v. United States*, 188 F.2d 266, 268 (9th Cir.1951). Furthermore, it is jurisdictional. *Loring v. United States*, 610 F.2d 649, 650 (9th Cir.1979). *Loring* was an action brought under 25 U.S.C. § 345, as is the instant litigation. § 2401(a) applies to equitable claims against the Government as much as to damages claims. *Nichols v. Hughes*, 721 F.2d 657, 659 (9th Cir.1983); *Werner v. United States, supra* at 268.

There have been cases that have held that where a fiduciary relationship exists between the parties, a statute of limitations doesn't begin to run until the relationship is repudiated. *See Manchester Band of Pomo Indians, Inc. v. United States*, 363 F.Supp. 1238, 1249 (N.D.Cal.1973). Those cases have been distinguished, however, on the ground that they all involved liquidated claims whose validity was uncontested and for which money had been appropriated. *Capoeman v. United States*, 194 Ct.Cl. 664, 440 F.2d 1002, 1003 (1971). In any event, the defendants herein repudiated any fiduciary obligation as to providing access to the allotment more than six years prior to the commencement of this action.

Where the Government has consented to be sued, any limitation period estab-

lished by Congress must be strictly observed; exceptions are not to be implied. *Mann v. United States*, 399 F.2d 672, 673 (9th Cir.1968). Accordingly, the fact that a plaintiff is an Indian who may be more dependent on the Government than most people does not create an exception to the applicable statute of limitations. *Ibid.; Capoeman v. United States, supra* 440 F.2d at 1007–8; *Hydaburg Co-op Ass'n v. United States*, 229 Ct.Cl. 250, 667 F.2d 64, 69–70 (1981).

In federal court, a cause of action accrues when an injury is discovered. *Nichols v. Hughes, supra* at 659. The fencing off of the access path and the revocation of permission to use it occurred in 1951 or very shortly thereafter. The plaintiffs admittedly were aware of the changes and their effect on the allotment. Their action against the defendants is time-barred by 28 U.S.C. § 2401(a). That being the case, the issue of whether the defendants have breached a duty to the plaintiffs need not be decided here.

The Court can sympathize with the plaintiffs' feelings that they have been wronged. There may well be a moral obligation on the part of the Government to attempt to rectify the situation. Nevertheless, such an obligation, if it exists, cannot be enforced in this lawsuit.

A statute of limitations defense is properly asserted by a motion for summary judgment. *Admiralty Fund v. Jones*, 677 F.2d 1289, 1293 (9th Cir.1982). If the action is clearly barred, the defendants are entitled to judgment as a matter of law. *Ibid.* Such is the case here, where no factual issues need be adjudicated to determine whether the statute has run.

IT IS, THEREFORE, HEREBY ORDERED that the plaintiffs' complaint be DISMISSED.