**Elaine CHRISTENSEN, Orville Brown,
Doran Pete and Gladys Walker,
Plaintiffs-Appellants,**

v.

**UNITED STATES of America, et al.,
Defendants-Appellees.**

**No. 84–1971.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 1985.

Decided March 12, 1985.

---

Richard E. Olson, Jr., Nevada Indian-Rural Legal Services, Carson City, Nev., for plaintiffs-appellants.

Donald T. Hornstein, Washington, D.C., for defendants-appellees.

Before WALLACE, HUG, and SKOPIL, Circuit Judges.

HUG, Circuit Judge:

The appellants filed this action seeking monetary and injunctive relief against the United States based on the Bureau of Indian Affairs' failure to provide the appellants access to an Indian land allotment. The district court entered summary judgment for the United States on the ground that the appellants' claims were barred by the applicable statute of limitations. *Christensen v. United States*, 583 F.Supp. 1539 (D.Nev.1984). We affirm.

## FACTS AND PROCEEDINGS BELOW

The appellants are four American Indians who claim an undivided interest in an Indian allotment originally issued to Katie Martinez by trust patent in 1933. Since that time, the United States has held the property in trust. At the time of issuance, the allotment was surrounded by public and private fee land. Access to the Martinez allotment was attainable only through private land. Katie Martinez and her husband were granted a right-of-way across a parcel of private land, which right-of-way was revoked by the private land owners in 1951.

Since 1951, the appellants have made numerous requests to the Bureau of Indian Affairs to provide access to the allotment. The appellants were represented by counsel since 1972 but no access was obtained. Finally, in 1983, the appellants filed the present action seeking (1) a declaratory judgment that the United States has an obligation to provide access to the allotment; (2) a writ of mandamus requiring the United States to provide access; (3) a declaration that the United States is liable for damages caused by the years of deprivation of use of the property; and (4) an

award of damages for the alleged deprivation.

In response to the Government's motion for summary judgment, the district court concluded that the appellants' action under 25 U.S.C. § 345 was time-barred by the six-year statute of limitations provided by 28 U.S.C. § 2401(a). The present appeal followed.

## DISCUSSION

### A. Standard of Review

■ In reviewing a grant of summary judgment, we decide whether there exists any material disputed fact and whether the substantive law was correctly applied. *Amaro v. Continental Can Co.*, 724 F.2d 747, 749 (9th Cir.1984). The parties do not contest the fact that the appellants' cause of action accrued long before six years prior to the commencement of this action. Therefore, the sole question is whether the district court applied the appropriate statute of limitations, a question of law. *Aragon v. Federated Department Stores*, 750 F.2d 1447, 1449 (9th Cir.1985); *Edwards v. Teamsters Local Union No. 36*, 719 F.2d 1036, 1039 (9th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984). Decisions of law are reviewed *de novo*. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

### B. Merits

■ The appellants' claims are founded in 25 U.S.C. § 345, which gives federal courts jurisdiction to determine whether an allottee has been deprived of rights acquired through an Indian allotment. *Arenas v. United States*, 322 U.S. 419, 432, 64 S.Ct. 1090, 1095, 88 L.Ed. 1363 (1944). The court's power is not restricted to compelling the issuance of a patent, but extends to protect, preserve, or define an allotment once issued. *Scholder v. United States*, 428 F.2d 1123, 1126 (9th Cir.), *cert. denied*, 400 U.S. 942, 91 S.Ct. 240, 27 L.Ed.2d 246 (1970); *United States v. Pierce*, 235 F.2d 885, 888 (9th Cir.1956).

Section 345 serves as a limited waiver of the Government's sovereign immunity. *Scholder*, 428 F.2d at 1126. We have held that 28 U.S.C. § 2401(a), which provides a six-year statute of limitations to "every civil action commenced against the United States," applies to actions brought under section 345. *Loring v. United States*, 610 F.2d 649, 650 (9th Cir.1979).

The appellants claim that the application of section 2401(a) should be limited to impose time limitations only to the extent of its predecessor, 28 U.S.C. § 41(20), which provided a limitations period for Tucker Act claims. The Tucker Act was concerned only with claims for monetary relief, and the appellants argue that the subsequent enactment of section 2401(a) did not evince any congressional intent to extend its scope to equitable claims.

In *Werner v. United States*, 188 F.2d 266 (9th Cir.1951), we addressed the issue raised by the appellants. In that case, the plaintiff brought a suit against the United States for reformation of a lease and damages. The cause of action accrued more than six years before the action had been filed. We observed that Title 28—within which section 2401(a) is enumerated—was not a mere codification of prior law, but also a revision. *Id.* at 268. We held that section 2401(a) unambiguously provides a general statute of limitations and that therefore "[t]he provisions of Section 2401(a) apply to a suit for reformation, originally an action in equity, precisely as they would to a suit for damages, an action at law." *Id.* Accord, *Walters v. Secretary of Defense*, 725 F.2d 107, 113 (D.C.Cir. 1983). The appellants' contention that section 2401(a) does not apply to actions in equity is without merit.

■ Reading *Loring* and *Werner* together, we cannot escape the conclusion that section 2401(a) applies to *all* actions brought under section 345, whether the relief requested is legal or equitable. The appellants argue, however, that because of the special trust relationship between the United States and American natives, laches

and statutes of limitations are not generally invoked against Indians. There are cases in which courts have failed to apply a statute of limitations to actions which would appear to have been untimely under section 2401(a). *See Sampson v. United States,* 533 F.2d 499 (9th Cir.1976) (although section 345 action brought for a denial of a 1926 allotment application, court does not apply statute of limitations). However, speculation as to any *sub silentio* ruling in *Sampson* on the inapplicability of section 2401(a) to section 345 actions is rendered unnecessary by the explicit holdings in *Loring* and *Werner,* to which we are bound. *See Walters,* 725 F.2d at 112 n. 12 (in determining whether section 2401(a) is applicable, "the observation that courts have not, in particular cases, addressed the issue of a possible time bar does not lead to the conclusion that no such problem existed, and certainly does not control the case at bar.").

■ We conclude that the appellants' equitable and legal claims under section 345 are time-barred by the six-year statute of limitations provided by section 2401(a). Accordingly, the judgment of the district court is affirmed.

AFFIRMED.