**In the Matter of the CONDEMNATION OF LAND FOR STATE HIGHWAY PURPOSES.**

**Michael L. JOHNSTON, Secretary of Transportation of the State of Kansas, Plaintiff,**

**v.**

**Edith M. STALEY, et al., Defendants.**

**No. 93–4102–SAC.**

United States District Court, D. Kansas.

Aug. 27, 1993.

Russell K. Ash, Kansas Dept. of Transp., Topeka, KS, for Kansas State Dept. of Transp.

Pantaleon Florez, Jr., Florez & Frost, P.A., Topeka, KS, for Jeanie M. Teal and Credit Union I of KS.

1. Kathy Kaul is not a named defendant in the copy of the plaintiff's petition filed in state court and attached to the petition for removal filed in federal court.

2. As provided at 28 U.S.C. § 1446(d), once a copy of the notice of removal is filed with its clerk, the state court is not to proceed any further with the case until the matter is remanded to it. The District Court of Jackson County, Kansas, apparently proceeded with this case after April 26, 1993, because the defendants waited until July 9, 1993, to file a copy of the notice of removal with it. Though required to file this notice promptly by 28 U.S.C. § 1446(d), the de-

## MEMORANDUM AND ORDER

CROW, District Judge.

On April 26, 1993, Jeanie M. Teal and Kathy Kaul filed a petition removing this condemnation action pending in the District Court of Jackson County, Kansas. (Dk. 1). In the removal petition, they assert that the federal district court has subject matter jurisdiction pursuant to 28 U.S.C. § 1353, as they are defendants[1] in this civil action to condemn "Indian land."

■ Almost three months after removing the case, the defendants filed another petition. (Dk. 2). Again asserting jurisdiction under 28 U.S.C. § 1353, they ask for a jury to review the appraiser's award made in the state condemnation suit. They allege several other pertinent matters. Kathy Kaul is the co-owner with Jeanie Teal of real estate described as Tract No. 116 in the state court petition. The Secretary of Transportation for the State of Kansas condemned this real estate "for purposes of a permanent easement for controlled access highway right of way and removal of borrow material over and upon" it. (Dk. 2 at 1–2). Court-appointed appraisers submitted a report on June 23, 1993, to the state court valuing the damages to this land at $10,000.00.[2] The defendants contest this finding arguing their damages total $178,240.00. They request "a review of the appraiser's award by jury trial, pursuant to U.S.C.A. Title 40, section 258a for the purpose of ascertaining the just damages payable to petitioner by reason of the condemnation of petitioner's property."[3] (Dk. 2 at 2).

fendants offer no reason for the two-month delay. The defendants' actions suggest a misunderstanding of removal; it is not a form of appellate review. The court also believes that removal procedures are abused when a notice is filed with federal court while the removing party waits for the state court to rule and later files a copy of the notice only after the state court makes an adverse ruling.

3. The petition does not explain the applicability of 40 U.S.C. § 258a. The present case is not a federal condemnation action governed by this federal statute.

On July 26, 1993, the court issued an order to show cause why this case should not be remanded because of the defendants' failure to comply with the provisions of D.Kan.Rule 202(c) and (d) and for lack of subject matter jurisdiction. In that order, the court specifically states that the defendants have not filed proof of service of all notices and filings in the state court and have not procured and filed a copy of all state court proceedings. The order further states that the "bare allegation of 'Indian land' is an insufficient basis for this court to determine subject matter jurisdiction under 28 U.S.C. § 1353." (Dk. 3).

On August 16, 1993, the defendants filed their response saying that they have filed and served all notices and pleadings with the state court in compliance with D.Kan.Rule 202(c). The defendants admit that they have not procured and filed a copy of the state court proceedings but that they have now requested the state court to forward a copy to the federal court. As for subject matter jurisdiction, they offer these two sentences:

28 U.S.C. § 1353 and 28 U.S.C. § 345 confer jurisdiction upon this court to here (sic) this matter. In *Loring v. United States*, 610 F.2d 649 (9th Cir.1979) the court held it had subject-matter jurisdiction over an action in which the city took individual Indian land allotments for a public road right-of-way.

(Dk. 4). The response is devoid of any further explanation or allegations of fact in support of the conclusory statement that this case involves the condemnation of Indian land.

If anytime before final judgment the district finds it lacks subject matter jurisdiction of a case removed from state court, the district court shall remand the case. 28 U.S.C. § 1447(c). The notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). By its order of show cause, the court effectively informed the defendants that their petition did not include a short and plain statement on subject matter jurisdiction and that this court expected them to present a factual and legal basis for this court's jurisdiction.

Their response falls far short of meeting this basic demand.

The defendants cite 28 U.S.C. § 1353 and 28 U.S.C. § 345 as the statutes creating federal subject matter jurisdiction. There is no statute at 28 U.S.C. § 345, and the court presumes the defendants intended to cite 25 U.S.C. § 345. The first statute provides, in relevant part:

The district courts shall have original jurisdiction of any civil action involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any Act of Congress.

28 U.S.C. § 1353. A related provision, which is part of the General Allotment Act, is also cited by the defendants and reads, in relevant part:

All persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of Congress, or who claim to be so entitled to land under any allotment Act or under any grant made by Congress, or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any Act of Congress, may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto in the proper district court of the United States.

25 U.S.C. § 345.

As construed by the Supreme Court, § 345 gives federal district courts jurisdiction over two types of cases: "suits seeking the issuance of an allotment ... and suits involving 'the interest and rights of the Indian in his allotment or patent after he has acquired it.'" *United States v. Mottaz*, 476 U.S. 834, 845, 106 S.Ct. 2224, 2231, 90 L.Ed.2d 841 (1986) (quoting *Scholder v. United States*, 428 F.2d 1123, 1129 (9th Cir.), *cert. denied*, 400 U.S. 942, 91 S.Ct. 240, 27 L.Ed.2d 246 (1970)). "Allotment is a term of art in Indian law. It means a selection of specific land awarded to an individual allottee from a common holding." *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 142, 92 S.Ct. 1456, 1466, 31 L.Ed.2d 741 (1972) (citations omitted).

■ In short, federal district court jurisdiction under 25 U.S.C. § 345 or 28 U.S.C. § 1353 is predicated on two elements.[4] The proceedings must involve the rights of any person who is in whole or in part of Indian blood or descent. The proceedings must involve or are in relation to such person's claimed right to land allotted or once allotted by a law or act of Congress or treaty. The defendants' response to the court's order to show cause does not address either element. The case of *Loring v. United States,* 610 F.2d 649 (9th Cir.1979) does not stand for subject matter jurisdiction in the absence of these two elements. Their petition for removal and subsequent pleadings do not allege facts necessary to sustain subject matter jurisdiction. The court cannot glean from the original petition filed in state court any facts showing that a defendant is in whole or in part of Indian blood or descent or that Tract No. 116 is allotted land. Without allegations or proof of these essential jurisdictional facts, the court must remand this case to state court.

IT IS THEREFORE ORDERED that this case is remanded to the District Court of Jackson County, Kansas, for lack of subject matter jurisdiction. The Clerk is directed to mail a certified copy of this order to the Clerk of the Jackson County District Court.

4. The court questions whether the defendants have looked to the correct federal statute. *See Yellowfish v. City of Stillwater,* 691 F.2d 926 (10th Cir.1982), *cert. denied,* 461 U.S. 927, 103 S.Ct. 2087, 77 L.Ed.2d 298 (1983). Even assuming the defendants had cited and advanced 25 U.S.C. § 357 as the statutory basis for this court's jurisdiction, allegations and proof of the same two elements identified above would be necessary.