87 F.3d 1320
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diana Rose McLEAN, Plaintiff-Appellant,
v.
The NORTHERN CHEYENNE TRIBE; Edwin Dahle; Defendants A
Through Z, Defendants-Appellees.
 No. 95-36176.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Diana Rose McLean appeals pro se the district court's summary judgment dismissal of her wrongful termination action in which she alleged that defendants violated her civil rights by terminating her tribal employment after she accused defendant Edwin Dahle, president of the Northern Cheyenne Indian tribe, of employing improper procedure for bidding for the development of a proposed automotive center on tribal trust land. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 As the district court found in its October 17, 1995 order, McLean's action is barred by the tribe's sovereign immunity. See Oklahoma Tax Comm. v. Citizen Band Potawatomi, 498 U.S. 505, 509-10 (1991); Big Spring v. United States Bureau of Indian Affairs, 767 F.2d 614, 617-18 (9th Cir.1985), cert. denied, 476 U.S. 1181 (1986).[1] McLean's argument that Dahle lost his immunity from suit by exceeding the scope of his authority as Tribal President was not raised below, and need not be considered for the first time on appeal. See Royal Ins. Co. v. Sea-Land Service Co., 50 F.3d 723, 729 (9th Cir.1995). In any event, as McLean concedes, Dahle cannot be sued in his personal capacity for damages because he died one and a-half years before this suit was filed.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject McLean's argument, made for the first time on appeal, that the tribe implicitly waived its sovereign immunity by enacting the civil rights provisions in the Tribal Law & Order Code. Waiver of immunity from suit cannot be implied but must be "unequivocally" expressed. See Big Spring, 767 F.2d at 617-18. We also reject McLean's argument, also raised for the first time on appeal, that the tribe waived its immunity by enacting its corporate charter pursuant to 25 U.S.C. § 477. Although the corporate charter contains language that the tribal corporate entity may sue or be sued, McLean failed to allege or provide any evidence that the tribe was acting as a corporate entity rather than a governmental or constitutional entity. See Baker v. United States, 817 F.2d 560, 562 (9th Cir.1987) (plaintiff has burden of establishing waiver of immunity)