Francis DOUGHERTY, Sr., Appellant,

v.

## U.S. NAVY BOARD FOR CORRECTION OF NAVAL RECORDS.

### No. 85–5120.

United States Court of Appeals,
Third Circuit.

Argued Oct. 21, 1985.
Decided March 3, 1986.
As Amended March 26, 1986.

Fredric J. Gross (argued), Mt. Ephraim, N.J., for appellant.

W. Hunt Dumont, U.S. Atty., Louis J. Bizzarri (argued), Asst. U.S. Atty., Trenton, N.J. (Mark S. Williams, Dept. of Navy, Office of Judge Advocate General, on brief), for appellee.

Before GARTH, BECKER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

Plaintiff, Francis Dougherty, Sr., brought this action in the United States District Court for the District of New Jersey challenging a determination of defendant, United States Navy Board for Correction of Naval Records ("BCNR"). In light of a recent decision by the United States Court of Appeals for the Fifth Circuit, which was not available to the district court at the time of its decision,[1] we will vacate the December 10, 1984, district court order, which dismissed the complaint "for failure to satisfy the applicable statute of limitations, 28 U.S.C. § 2401," and will

---

1. *See Geyen v. Marsh,* 775 F.2d 1303 (5th Cir. 1985). The district court stated in its opinion in the instant case: "In short, federal case law does not support an exception to the statute of limitations for a plaintiff such as Mr. Dougherty." (Plaintiff's App. at 39). Had the district court been presented with cases such as *Geyen, supra; Schmidt v. United States,* 13 M.L.R. 2075 (N.D. Cal.1984); and *Mulvaney v. Stetson,* 470 F.Supp. 725 (N.D.Ill.1979), its inquiry would have been different.

We also note in reviewing the record that the pleadings were confusing and difficult to interpret. The district court very ably discerned the proper issue. It is clear from reading the transcript of the oral opinion of the district court delivered from the bench that the statute of limitations issue was properly presented to the court.

remand the case to that court for further consideration in light of this opinion.[2]

The district court granted the BCNR's motion to dismiss the complaint for failure to satisfy the applicable statute of limitations. For the reasons set forth below, we hold that the statute of limitations did not begin to run until the BCNR's decision in 1984.

## I.

Dougherty enlisted in the United States Navy in January 1957. Two months later, after developing apparent stress problems, he received a general discharge on the grounds of "unsuitability." Upon application to the BCNR in 1982, Dougherty's records were changed to indicate that he had received an honorable discharge in 1957. In 1983, the Veterans Administration ("VA") denied an application by Dougherty for disability benefits. The VA found that his disabling psychiatric disorder was not service-connected.

On March 28, 1983, Dougherty again sought a change in his records from the BCNR to reflect a discharge for a nervous disorder contracted during his two months of service in the Navy in 1957. The BCNR referred the case to the Navy Central Physical Evaluation Board ("CPEB"), which found Dougherty had no grounds for a medical discharge or retirement benefits based on medical disability. The BCNR then denied Dougherty's application.

On December 1, 1983, Dougherty filed a complaint *pro se* in the district court, challenging the action of the BCNR as arbitrary and capricious. Upon the district court's discovery that the BCNR had not considered the complete record, the BCNR agreed to reconsider Dougherty's case. On June 21, 1984, the BCNR again denied Dougherty's application based on new findings of the CPEB. The district court dismissed the action, reasoning that the applicable six-year statute of limitations, 28 U.S.C. § 2401 (1978),[3] had expired in 1963, six years after plaintiff's 1957 discharge.

## II.

The BCNR may correct a military record if the request is filed within three years of the time when the claimant discovers the error or October 26, 1961, whichever is later. 10 U.S.C. § 1552(b) (1983).[4] It may only make such a correction after such period if the BCNR finds the correction to be in the interest of justice. *Id.* In the instant case, there is no claim that Dougherty was unaware of the status of his discharge. Consequently, the three-year period expired three years after Dougherty's 1957 discharge and the statute of limitations expired on October 26, 1961. The review by the BCNR was premised on its waiving the statute in the interest of justice.[5] Dougherty seeks review of this action of the BCNR.

Judicial review of action by an agency such as the BCNR is provided for in the Administrative Procedure Act, 5 U.S.C. § 702 (1977).[6] The action is governed by

---

2. *Dougherty v. United States Navy Board for Correction of Naval Records,* Civil No. 83–4598, (D.N.J. Dec. 10, 1984).

3. The statute provides:
    "Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues...."
    28 U.S.C. § 2401(a) (1985 Supp.).

4. The statute provides:
    "No correction may be made under [this section] unless the claimant or his heir or legal representative files a request therefor before October 26, 1961, or within three years

after he discovers the error or injustice, whichever is later. However, a board established under [this section] may excuse a failure to file within three years of discovery if it finds it to be in the interest of justice."
    10 U.S.C. § 1552(b) (1983).

5. The BCNR denied the application, but it did so on the merits of Dougherty's claim. We need not decide today whether a decision by the BCNR that it is not in the interest of justice to even consider a correction would be reviewable.

6. The statute provides:
    "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning

the six-year statute of limitations codified at 28 U.S.C. § 2401 (1978).[7] If the six-year statute of limitations runs from the date of discharge, then review by the district court would be precluded. If the statute of limitations does not begin to run until the BCNR acts, then this suit is timely. We must decide when the statute of limitations begins to run in a case challenging the action of the BCNR as arbitrary and capricious where monetary damages are not at issue.

## III.

■ After careful consideration of the case history and relevant cases in federal courts, we hold that the six-year statute of limitations for the instant action did not begin to run until the BCNR issued its *final* decision. Consequently, the instant action is not time-barred.

In applying the statute of limitations, we must determine what action the district court is being asked to review. Is it reviewing the 1957 discharge or the 1984 action of the BCNR refusing to correct the records relating to that discharge? The standard of review of the district court is instructive. The district court is to set aside the BCNR action if it finds it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[8] 5 U.S.C. § 706 (1977). The review is generally limited to consideration of the administrative record. 5 U.S.C. § 706 (1977). *See Florida Power & Light Co. v. Lorion,* — U.S. —, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985); *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). The fact that the district court must base its decision on an administrative record compiled in 1984 relating to a proceeding held in 1984 suggests that the statute of limitations should not begin running based on any other event. While the basic factual issue cen-

ters around something which occurred many years earlier, the wrong asserted in the district court is not the discharge itself but its treatment by the BCNR. Consequently, the case involves not a succession of witnesses who will seek to remember what happened nearly thirty years ago but, rather, an analysis of an administrative record to determine if a particular result is an arbitrary and capricious conclusion.

The Supreme Court stated in *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 861 (1967), that "a survey of our cases shows that judicial review of a final agency action by an aggrieved person will not be cut off unless there is a persuasive reason to believe that such was the purpose of Congress." *Id.* at 140, 87 S.Ct. at 1511. In the instant case, the BCNR decided to waive the statute of limitations and address the merits of Dougherty's claim. Having done so, given the facts and exigencies of this case, we see no persuasive reason to cut off judicial review of the 1984 administrative action of the BCNR. *See Geyen v. Marsh,* 775 F.2d 1303 (5th Cir.1985).

■ While we know of no binding precedent, our decision is consistent with those of other courts faced with this issue. In *Geyen v. Marsh, supra,* plaintiff had been given an undesirable discharge by the Army in lieu of a court martial after going AWOL. Ten years later he petitioned the Army Board for Correction of Military Records ("ABCMR").[9] The ABCMR denied his claim and Geyen sought review in the district court. The district court dismissed, based on the six-year statute of limitations, 28 U.S.C. § 2401 (1978). The Court of Appeals for the Fifth Circuit reversed, holding that an action for review of a decision of a military board such as the ABCMR and BCNR accrues at a different time than an action directly challenging the circumstances of a discharge. The Fifth Circuit found

---

of a relevant statute, is entitled to judicial review thereof...."
5 U.S.C. § 702 (1977).

**7.** See footnote 3, *supra.*

**8.** This standard is referred to in this opinion as the arbitrary and capricious standard.

**9.** The ABCMR is analogous to the BCNR. See footnote 1 of the *Geyen* opinion.

that review of the ABCMR decision was timely. We agree with the Fifth Circuit that the cause of action for review under the arbitrary and capricious standard of the military board's decision in a non-monetary case accrues at the time of the unfavorable ruling by the BCNR. *Accord, Schmidt v. United States,* 13 M.L.R. 2075 (N.D.Cal.1984); *Kaiser v. Secretary of Navy,* 525 F.Supp. 1226 (D.Colo.1981); *Mulvaney v. Stetson,* 470 F.Supp. 725 (N.D.Ill.1979).

The BCNR has cited numerous cases for the proposition that the cause of action accrues at the time of discharge. We have examined these cases and find them to be distinguishable. The instant case is not a pay case. Counsel for Dougherty specifically acknowledged, both in the district court and in oral argument before this court, that Dougherty is not seeking monetary damages. The suit is merely to change the status of the discharge. The equitable considerations governing a corrective action are quite different than those governing a monetary action. For example, there is no danger of accumulating damages by delaying bringing a corrective action. Since the instant case is not an action for monetary damages, it is unnecessary for us to analyze and reconcile the cases for monetary damages.[10]

We have not overlooked *Walters v. Secretary of Defense,* 725 F.2d 107 (D.C.Cir. 1983), where the Court of Appeals for the District of Columbia Circuit found a class action seeking to upgrade discharges barred by the six-year statute of limitations. In that case, review of the discharge itself was sought and not review of any military correction board action. The court said: "We need not and do not decide whether, had a named plaintiff sought and received a final decision from a discharge review board, the statute of limitations could have been tolled in any way." *Id.* at 115. Similarly, in *Nichols v. Hughes,* 721

F.2d 657 (9th Cir.1983), the court found that the plaintiff's cause of action had accrued at the time of discharge and was thus time-barred. While plaintiff had sought and obtained relief from the BCNR, the district court action there under review challenged the original discharge and not the BCNR decision. The plaintiff was not challenging the BCNR action because he had received a favorable ruling from that Board. These two cases are distinguishable from this record because they challenged the discharge itself, while the instant case only challenges a decision of the BCNR.

### IV.

Accordingly, we will vacate the order of the district court, dismissing the complaint, and remand for further consideration in light of this opinion.

GARTH, Circuit Judge, dissenting:

I dissent because I do not believe we should decide the statute of limitations issue arguably presented by this case on the basis of a record such as this one.

Francis Dougherty, Sr., proceeding *pro se,* filed this action seeking correction of his naval discharge records in the district court on a form complaint designed for employment discrimination civil rights actions brought under Title VII of the Civil Rights Act of 1964. Not only was the form complaint completely inapposite, but the allegations made and the measures of relief sought by Dougherty were largely unintelligible and inappropriate.

As deciphered, Dougherty's allegations were that, "My medical naval records show discrimination and prejudice when they say I was discharged for limited intellectual assets and functional instability with reference to two brothers being in mental institution and one brother on trial for carnal

---

**10.** For examples of monetary damages cases, *see Friedman v. United States,* 310 F.2d 381 (Ct.Cl. 1962), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963); *June v. Secretary of Navy,* 557 F.Supp. 144 (M.D.Pa.1982). *See also*

5 U.S.C. § 702 (1977) (Judicial review under Administrative Procedure Act differentiates actions which seek "relief other than money damages.").

abuse." (5a.) The complaint further charged that defendant "United States Navy Board for Correction of Naval Record denied me twice." (6a.) The complaint left unclear whether Dougherty was appealing his 1957 discharge from the Navy on the grounds of "unsuitability" or whether he was challenging the recent action of the BCNR denying his March, 1983 petition to modify his discharge records [1] to reflect a discharge for a nervous disorder allegedly caused by his treatment during basic training.

On October 19, 1984, an attorney began to represent Dougherty and filed an appearance in this case. However, despite the presence of counsel, no amendment of the complaint was sought in order to clarify the theory or theories underlying this action. Apparently *sua sponte*, the district court, in its opinion from the bench, stated that, "[i]n accordance with positions stated in the brief by counsel now representing plaintiff, the court deems the complaint amended so as to waive all claims for monetary relief, to assert jurisdiction under 28 U.S.C. § 1331 and to name the United States as a party-defendant." [2] (37a.) However, the bare bones record discloses that at no time did either Dougherty or his counsel ever file a motion to amend the complaint, nor did counsel ever seek to develop an appropriate record which could support an identifiable theory.

The district court proceeded to treat the case as an appeal under § 10(a) of the Administrative Procedure Act, 5 U.S.C. § 702. However, the district court did not distinguish between review of the Navy's action discharging Dougherty for unsuitability in 1957 and review of the BCNR's actions in 1983 and 1984 which denied Dougherty's petition to amend his discharge to show that he was discharged for medical reasons. The district court went on to decide that Dougherty's cause of action accrued in March, 1957, and that his "Title VII" complaint filed December 1, 1983 was not timely filed within the six year statute of limitations of 28 U.S.C. § 2401.

It would appear that the district court understandably interpreted Dougherty's suit as an appeal from Dougherty's original discharge rather than from the decision of the BCNR. I add the qualification "understandably" because, as I have observed, not only was the complaint filed by Dougherty virtually incomprehensible, but the record available to the district court could have been of little assistance to the court in identifying particular issues and legal theories. Certainly, little assistance was given to the court in this respect by Dougherty's counsel after he had appeared in this cause. In my view, counsel should have moved to amend the complaint and to develop the record in accordance with the theories which he proposed could afford Dougherty relief. I do not regard it as the function of the district court to be all things to all parties. It is surely not the obligation of the court to restructure a plaintiff's complaint and to act for a plaintiff when the plaintiff has counsel to present and advocate his cause.

Here, the district court, referring to the same complaint to which we have been referred, i.e. a complaint which Dougherty had filed *pro se* before he was represented, was obviously obliged to speculate on what it was that Dougherty was seeking, the events that gave rise to the relief which

---

**1.** In 1982, Dougherty had applied to the BCNR to have his discharge upgraded from a discharge for unsuitability to an honorable discharge. He made no mention at that time of any disability, let alone the disability which is the subject of his present claim. Furthermore, it is apparent that if Dougherty did incur the claimed disability, it would have manifested itself prior to his 1957 discharge. Yet Dougherty nonetheless acknowledged at the time of his discharge that he had no claim for disability. At discharge, Dougherty signed a form stating that, "I certify that I have been informed of and understand the provisions of BUMED INSTRUCTIONS 6120.6." Those instructions explained Dougherty's right to request disability evaluation, and warned that failure to do so would preclude him from receiving disability benefits in the future.

**2.** The complaint filed by Dougherty was brought under 42 U.S.C. § 2000e–5.

Dougherty was claiming, and the merits, if any, of Dougherty's claims.[3]

I emphasize that it was the plaintiff who had the burden of developing a suitable record both for district court disposition and appellate review of that disposition. I would have expected that if Dougherty, limited as he was by appearing *pro se*, had not developed an adequate record, his counsel, when he commenced representation of Dougherty, would have recognized that fact and would have taken steps to refine the pleadings and record so that the district court judge would be in a position to recognize and rule upon the appropriate issues. I am agreeably surprised that the district court could make the sense that it did out of the materials which it was obliged to interpret.[4]

Were it not for the fact that the pleadings in this case are so very poor that, while they defy analysis, they nevertheless hint at causes of action for which relief might be accorded, I would be inclined to affirm the district court outright. Certainly, I could not justify reversing and remanding a judgment of the district court where the district court, after struggling through a "record" such as the one we have before us, reached a plausible result based on its interpretation of the issue presented. However, I think the better solution in this case is not to affirm.

Even though I am reluctant to remand a case such as this one, where the district court has extended itself, as it has, in attempting to make order out of chaos, I think better practice suggests that the case be remanded. I would remand, however, not just for a consideration of the principles discussed in *Geyen v. Marsh,* 775 F.2d 1303 (5th Cir.1985), but for a consideration of the entire case. It seems to me that plaintiff's counsel should start anew with the filing of an amended complaint, which can then be followed by those pleadings and proceedings appropriate in federal court actions. Plaintiff's counsel should then proceed as he should have proceeded when he first entered the case. There is little question in my mind that once the record has been properly developed as it should have been, and the issues identified and delineated, the district court will be able to arrive at an appropriate disposition. Thus, rather than restricting the district court on remand merely to a consideration of the instruction afforded by *Geyen,* as the majority has, I would instruct the district court to start from scratch. Obviously, in doing so, it will be the district court's discretion that will guide the proceedings.

If, after the district court's disposition, appellate review is sought, it is my hope that the presentation of appellate papers will comply with and conform to our local rules and the federal rules of appellate procedure. Certainly, that has not been the case on this appeal, and because those rules have not been followed, our task has been made far more arduous and time-consuming than it should have been.

---

**3.** The district court, through its own efforts, sought to obtain information with respect to Dougherty's claim by staying proceedings in the case and remanding the matter to the BCNR for reconsideration of Dougherty's request for a change in his Navy discharge records. Thereafter, the district court reactivated Dougherty's case when additional information was received from, and a final decision rendered by, the BCNR. While these various papers were acquired by the district court through its own initiative, Dougherty's counsel at no time furnished the relevant BCNR documents to us in his Appendix. Rather, the Appendix on appeal included materials which *do not* appear in the record and did not include materials which *do* appear in the record. In order to understand the purport of these papers, it became necessary for me to review the entire district court record,

a task which would not have been necessary if counsel had performed his functions with professional responsibility. *See United States v. Somers,* 552 F.2d 108, 114 (3d Cir.1977).

**4.** While I agree with my brethren that the pleadings were confusing and difficult to interpret, it is apparent from the court's remand that, despite its assertion to the contrary, the district court was not able to discern the proper issue. Had the pleadings and record been restructured as I suggest they should have been, there is no question but that the district court would have been in a position to recognize and rule on all the issues presented. Thus, I do not agree with the majority that the statute of limitations issue was properly presented to the district court. *See* majority opinion, at 499 n. 1.

I respectfully dissent from the limited remand decreed by the majority.