**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NORMA JENE MOSLEY,

           Plaintiff-Appellant,

   v.

UNITED STATES DEPARTMENT OF
THE ARMY,

           Defendant-Appellee.

No. 14-16275

D.C. No. 2:13-cv-02645-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

    Norma Jene Mosley appeals pro se from the district court's judgment

dismissing her action challenging her discharge from the Department of the Army.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an action as barred by the statute of limitations. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly dismissed Mosley's action as time-barred because Mosley filed her action eleven years after the statute of limitations had expired, and failed to show that she is entitled to tolling on the basis of her application for relief before the Army Board for Correction of Military Records, which was filed eight years after the statute of limitations had expired. *See Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 438 F.3d 937, 942-43 (9th Cir. 2006) (six-year statute of limitations applies to challenges under the Administrative Procedures Act, 5 U.S.C. § 702); *Nichols v. Hughes*, 721 F.2d 657, 659 (9th Cir. 1983) ("[A] cause of action for wrongful discharge occurs at the time of discharge."); *Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980) (burden of proving facts that show tolling falls on the plaintiff).

Contrary to Mosley's contentions, the complaint does not reflect that Mosley brought a claim seeking judicial review of the final decision of the Army Board for Correction of Military Records.

We reject as without merit Mosley's contention that 10 U.S.C. § 1558 applies to her action.

**AFFIRMED.**

14-16275