# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1992

CHRISTOPHER J. RADZIEWICZ,
*Appellant*

v.

UNITED STATES OF AMERICA

Appeal from U.S. District Court Del.
Judge Jennifer L. Hall
No. 1:23-cv-00805

Before: MATEY, FREEMAN, and CHUNG, *Circuit Judges*
Submitted Under Third Circuit L.A.R. 34.1(a) on March 16, 2026
Decided: March 27, 2026

NONPRECEDENTIAL OPINION[*]

CHUNG, *Circuit Judge.* Former Air Force reservist Christopher Radziewicz filed the instant action under the Administrative Procedure Act ("APA"), seeking review of an agency decision denying his petition to remove certain items from his military record. He now timely appeals the District Court's denial of his motion for summary judgment and grant of the Defendant's motion for the same. Specifically, Radziewicz contends that the District Court erred in concluding that the agency decision adequately addressed his arguments and was supported by substantial evidence. For the reasons set forth below, we

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

will affirm.

## I. **BACKGROUND**[1]

In 2017, Christopher Radziewicz was investigated by the Air Force Office of Special Investigations for sexual misconduct involving two female subordinates. Following the investigation, Radziewicz was given the option to proceed via non-judicial punishment pursuant to Article 15 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 815 ("Article 15"). Article 15 provides an "administrative method" for addressing minor offenses whereby proceedings are "conducted personally by the accused's commanding officer." Middendorf v. Henry, 425 U.S. 25, 31-32 (1976). Radziewicz accepted Article 15 proceedings.

On April 14, 2018, Major General Randall A. Ogden found Radziewicz guilty of two specifications of Article 92 (dereliction of duty), one specification of Article 93 (cruelty and maltreatment), and one specification of Article 134 of the UCMJ (fraternizing with enlisted persons), see 10 U.S.C. §§ 892, 893, 934. Radziewicz appealed. In response, Major General Ogden struck one of the Article 92 specifications. The appellate authority, Lieutenant General Richard Scobee, denied his appeal as to the remaining specifications on April 16, 2019.

By the time that Radziewicz's internal appeal was complete, he had also received two

---

[1] Because we write for the parties, we recite only the facts pertinent to our decision.

"referred" officer performance reports.[2] The first referral was due to Radziewicz's "non-current" status on a fitness assessment, and the second was based on the same conduct for which his commander imposed non-judicial punishment. In August 2019, Radziewicz was notified that, as of September 1, 2020, he would be separated from the Air Force in accordance with 10 U.S.C. § 14506, having twice been passed over for promotion. In January 2020, Radziewicz petitioned the Air Force Board for the Correction of Military Records ("the Board") to correct his military record by removing the non-judicial punishment and the two "referred" reports, and to afford him the opportunity to be selected for promotion. He was separated from the Air Force on September 1, 2020, and on February 21, 2021, the Board denied his petition in full as recommended in an advisory opinion issued by the Air Force Reserve Command Judge Advocate.

On January 31, 2022, Radziewicz filed suit in the Court of Federal Claims, seeking 1) backpay under the Military Pay Act, and 2) equitable relief in the form of an injunction to invalidate the Board's decision, an order to remove the challenged records, and an order to reconsider Radziewicz for promotion. The Court of Federal Claims dismissed Radziewicz's claim for backpay and transferred the remaining claims to the District Court for the District of Delaware. After briefing by the parties, the District Court denied

---

[2] An officer performance report is "referred" when it contains comments "that are derogatory in nature, imply or refer to behavior incompatible with, or not meeting minimum acceptable standards of personal or professional conduct, character, judgment or integrity, and/or refer to disciplinary actions." Air Force Instruction ("AFI") 36-2406 ₧ 1.10.3.1, 8 Nov. 2016 (since revised, AFI 36-2406 ₧ 1.11.3.1, 22 Aug. 2025).

3

Radziewicz's motion for summary judgment and granted the Government's cross-motion for summary judgment. Radziewicz timely appeals.

## II. <u>ANALYSIS</u>[3]

A. <u>Legal Standards</u>

Under 10 U.S.C. § 1552(a)(1), the Board may correct a military record when the Board "considers it necessary to correct an error or remove an injustice." <u>See</u> <u>also</u> 32 C.F.R. § 865.4(l). The applicant bears the burden of proving "sufficient evidence of material error or injustice." <u>Id.</u> § 865.4(a).

Board decisions are subject to judicial review pursuant to Section 702 of the APA. 5 U.S.C. § 706(2); <u>Dougherty v. U.S. Navy Bd. for Corr. of Naval Recs.</u>, 784 F.2d 499, 500 (3d Cir. 1986). Under Section 706 of the APA, we must set aside a Board decision that is "arbitrary, capricious," or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (E). In considering whether an agency action is arbitrary and capricious, we "focus[] … on the agency's process of reasoning." <u>NVE, Inc. v. Dep't of Health & Hum. Servs.</u>, 436 F.3d 182, 190 (3d Cir. 2006). We ask "whether the agency relied on factors outside those Congress intended for consideration, completely failed to consider an important aspect of the problem, or provided an explanation that is contrary to, or implausible in light of, the evidence." <u>Id.</u> Board decisions are subject to an "unusually deferential application of the

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We "review [the] District Court's grant of summary judgment de novo, applying the same standard the District Court applied." <u>MD Mall Assocs., LLC v. CSX Transp., Inc.</u>, 715 F.3d 479, 485 n.6 (3d Cir. 2013), <u>as amended</u> (May 30, 2013) (citation omitted).

'arbitrary and capricious standard,'" on account of the "broad grant of discretion" afforded to the Secretary—and by extension, the Board—under 10 U.S.C. § 1552(a). <u>Kreis v. Sec'y of Air Force</u>, 866 F.2d 1508, 1514 (D.C. Cir. 1989). Still, the Board "must articulate a 'rational connection between the facts found and the choice made.'" <u>Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.</u>, 419 U.S. 281, 285 (1974) (citation omitted). Accordingly, "we may not supply a reasoned basis for the agency's action that the agency itself has not given." <u>Id.</u> at 285-86. However, "we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." <u>Id.</u> at 286. Substantial evidence, meanwhile, requires "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Biestek v. Berryhill</u>, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted).

Radziewicz claims that the Board's decision is arbitrary and capricious, that it lacks substantial evidence, and that these errors were prejudicial. We disagree.

B. <u>Radziewicz's APA Challenge</u>

First, Radziewicz argues that the decision of the Board was arbitrary and capricious because it failed to address his argument that the evidence was insufficient to support his non-judicial punishment. In its decision, the Board acknowledged Radziewicz's contentions, including his contention that "he was found to be in violation of the UCMJ despite a clear lack of evidence." A231. The Board then noted that—as of the time the Article 15 proceedings took place—no specific standard of proof was required to impose non-judicial punishment. AFI 51-202 ⁋ 3.4, 31 Mar. 2015 and AFI 51-202 ⁋ 3.4, 6 Mar.

5

2019.[4] It further noted its consideration of the evidence submitted, which included both the victims' accounts of sexual misconduct and evidence Radziewicz offered to discredit those accounts. Finally, the Board proceeded to find that Radziewicz's contention as to the lack of evidence was unsubstantiated, concluding: "After reviewing all Exhibits, … [t]he Board concurs with the rationale and recommendation of [the advisory opinion] and finds a preponderance of the evidence does not substantiate [Radziewicz's] contentions." A235. This explanation, Radziewicz argues, is not enough to supply a "rational connection between the facts found and the choice made." Bowman Transp., Inc., 419 U.S. at 285 (citation omitted). We are not persuaded. While the Board's decision does not provide "an extensive exegesis of the underlying reasoning," Neal v. Sec'y of Navy & Commandant of Marine Corps, 639 F.2d 1029, 1038 (3d Cir. 1981), its opinion as a whole provides enough explanation that the Board's "path may reasonably be discerned," Bowman Transp., Inc., 419 U.S. at 286. In light of the above, the high level of deference afforded to Board decisions, and the absence of any particular standard of proof in the underlying Article 15 proceedings, the Board's decision was not arbitrary or capricious as it adequately addresses Radziewicz's claims regarding the sufficiency of the evidence in support of his non-judicial punishment.[5]

---

[4] The governing instruction has since been revised, imposing a preponderance of the evidence standard. AFI 51-202 ⁋ 3.4, 4 Jan. 2022.

[5] Radziewicz also claims that the Board's decision was arbitrary and capricious because it "relied" on an advisory opinion which, itself, failed to address his claims of factual insufficiency and suffered other defects. While it is likely that, had the Board adopted the advisory opinion, the advisory opinion itself would become the subject of our review, see

6

Second, Radziewicz claims that the Board's decision was not supported by substantial evidence. The content of this argument, however, is the same as the first: that the Board failed to discuss, in detail, the evidence he submitted to contradict and discredit the victims. He presses his view that the evidence established that the victims' stories were fabricated, that one victim sought to blackmail him to earn a promotion, and that victims provided inconsistent accounts of the misconduct alleged. He also reasserts an alibi as to an incident on July 4, 2016. These arguments once again bear on the weight of the evidence, and the Board need not have adopted them. Because the record contained at least "such relevant evidence as a reasonable mind might accept as adequate" to support the charges, the District Court did not err in concluding that Board's decision was supported by substantial evidence. Biestek, 587 U.S. at 103 (citation omitted).

C. Radziewicz's Other Challenges

Radziewicz raises a variety of additional challenges to the Board's decision. First, he argues that his acceptance of the Article 15 process was treated as an admission of guilt in determining non-judicial punishment. He failed to meet his burden before the Board, though, as he offered no "sufficient evidence" that the commander conducting the non-judicial punishment regarded it as such—only that a *different* commander submitted a do-not-promote letter on account of the pending proceedings. See 32 C.F.R. § 865.4(a).

Roberts v. United States, 741 F.3d 152, 158-61 (D.C. Cir. 2014) the Board provided its own explanation (in addition to concurring with the advisory opinion) from which the Court can discern its reasoning.

Next, Radziewicz claims that the wrong burden of proof was applied by Major General Ogden in the first instance, but he concedes that there is no specific standard.

Radziewicz also maintains that his commanders violated AFI 51-202, ⁋ 3.3 by taking eight months to process his appeal. Though this time frame exceeds the guidance contained in the AFI, "we apply a 'harmless error' analysis," in which the party challenging the Board's decision must prove that the error prejudiced them. Del. Riverkeeper Network v. Sec'y Pa. Dep't of Env't Prot., 833 F.3d 360, 377 (3d Cir. 2016) (footnote omitted); 5 U.S.C. § 706 (courts shall consider "the rule of prejudicial error"). "[M]istakes that have no bearing on the substantive decision of an agency do not prejudice a party." Del. Riverkeeper Network, 833 F.3d at 377 (footnote omitted). But Radziewicz does not allege, nor do we discern, that the delay in processing had any effect on the "substantive decision of [the Board]," id., so any delay was harmless. To the extent that Radziewicz argues that the delay itself caused his non-promotion and eventual termination, he is incorrect. The Board's substantive decision was to reject Radziewicz's petition. If the Board had rendered its decision sooner, the consequences for Radziewicz would have been the same.

In addition, Radziewicz argues that the Air Force violated AFI 51-202, ⁋ 3.5 by failing to disclose certain evidence prior to his non-judicial punishment hearing. He concedes that he did not make this argument before the Board, though. As this argument is presented for the first time on appeal, and no special circumstances have been asserted, we will not address it. See McGlinchey v. Hartford Acc. & Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989).

8

Finally, Radziewicz seeks the removal of two referred officer performance reports from his military record. He admits that one referral was for an overdue fitness exam, but argues that this was pretextual. In support, he states that he could offer evidence that other officers, not under investigation, were also non-current and were not subject to a referral. He does not provide such evidence, here or before the District Court, however, so there is no evidence that the people he is "aware of" are actually appropriate comparators. In any case, he offers no legal authority to support his argument that evidence of comparators' different treatment would require removal of the otherwise legitimate referral. The second referral was for the conduct underlying the non-judicial punishment itself, and we have already concluded that the Board's decision was neither arbitrary nor capricious, and was supported by substantial evidence. Therefore, the District Court properly rejected this argument.

* * * * *

For the reasons stated above, we will AFFIRM.

9